UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CASE NO.: 04-30150-MAP

RICHARD M. SCRUGGS,         ]
                            ]
    Plaintiff,              ]
                            ]
vs.                         ]   PLAINTIFF'S COMPLAINT
                            ]
INTERNATIONAL               ]
BROTHERHOOD OF              ]
ELECTRICAL WORKERS,         ]
LOCAL 455,                  ]
                            ]
    Defendant.              ]

1. The Plaintiff is Richard M. Scruggs an individual who resides at 123 Mayfair Avenue, City of Springfield, County of Hampden, Commonwealth of Massachusetts. The Plaintiff Richard M. Scruggs is hereinafter referred to as the Plaintiff.

2. The Defendant is the International Brotherhood of Electrical Workers, Local 455 which has a principal place of business at 4 Armstrong Road, Section Floor, Shelton, Connecticut. The Defendant International Brotherhood of Electrical Workers Local 455 is hereinafter referred to as the Defendant.

3. On and before April 2002 the Plaintiff was a member of the Defendant Union and subject to the collective bargaining agreement by and between the Defendant and the employer the Mt. Tom facility of the Northeast Utilities Corporations.

4. The Plaintiff had been a union member and an employee of the Northeast Utilities and/or its alter egos and/or corporations owned or controlled by Northeast Utilities or sub-parts of Northeast Utilities for twenty-four years.

CF/CL
LR4.1
SI.

5. The Plaintiff was terminated without the proper use of the grievance procedures set by the collective bargaining agreement.

6. The Plaintiff was wrongfully terminated by Northeast Utilities and/or such corporations that it controls which were parties to the collective bargaining agreement.

7. On or about April 12, 2002 the Plaintiff was terminated. The incident which caused the termination occurred on or about March 18, 2002.

8. The arbitration ordered under the collective bargaining agreement was held on August 27, 2002. The collective bargaining agreement does not allow for the arbitration to be held at that late date.

9. The arbitrator did not make a timely decision, and the union and the Defendant did not in a timely manner, turn the arbitration decision over to the Plaintiff.

10. The Plaintiff as a union member never consented to the waiver of time limits under the bargaining agreement.

11. The arbitrator did not make a written decision within thirty days of the close of the hearing.

12. The Plaintiff says that the arbitration was a sham and was substantially inadequate in light of the number of years which the Plaintiff had been a union member and had been employed by the employer(s).

13. The Defendant violated its duty of fair representation in representing the Plaintiff's interest in the grievance procedure.

14. The Defendant processed the claim of the Plaintiff in a perfunctory fashion.

15. The union failed, refused and neglected to attempt to over turn the wrongful arbitration award in a Court of law.

16. The Defendant had failed to fairly represent the Plaintiff.

17. Therefore, the Plaintiff demands that this Court order the Defendant to pay his damages and loss of wages, pain and suffering, and any and all financial damages and non-economic damages as a result of the union's breach of its duty of fair representation.

The Plaintiff,<br>
Pro Se,

Dated: 8/13/04

_____
Richard M. Scruggs
123 Mayfair Avenue
Springfield, MA   01104

413-732-8378