UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

RICHARD M. SCRUGGS,

    Plaintiff

vs.                                                                                  CIVIL ACTION NO.
                                                                                     04-30150-MAP

LOCAL 455, INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO,

    Defendant

DEFENDANT'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT

Defendant Local 455, International Brotherhood of Electrical Workers, AFL-CIO (hereinafter the "Defendant," "Local 455," or "the Union") presents this brief in support of its Motion To Dismiss The Complaint. The Complaint should be dismissed because the Plaintiff clearly has not brought his action within the time limits allowed by law.

The Plaintiff Richard M. Scruggs alleges in his Complaint that in various ways his collective bargaining agent, Defendant Local 455, violated the duty of fair representation it owed him in a grievance and arbitration proceeding protesting his discharge by his employer, Northeast Utilities.

Thus, Plaintiff asserts "The Defendant violated its duty of fair representation in representing the the Plaintiff's interest in the grievance procedure" (paragraph 13 of the Complaint) and "The Defendant had failed to fairly represent the Plaintiff" (paragraph 16). Scruggs concludes his Complaint with the demand (paragraph 17):

> Therefore, the Plaintiff demands that this Court order the Defendant to pay his damages and loss of wages, pain, and suffering, and any and all financial damages and non-economic damages as a result of the union's breach of its duty of fair representation.

Some of the ways Scruggs alleges the Union failed to properly represent him include that "The Defendant processed the claim of the Plaintiff in a perfunctory manner" (paragraph 14) and "The union failed, refused and neglected to attempt to overturn the wrongful arbitration award in a Court of law" (paragraph 15).

The statute of limitations for an employee to bring an action for a labor organization's violation of its duty of fair representation is six months. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 169-170 (1983)

Here, the Plaintiff has filed his Complaint more than a year after the Union's actions that he alleges are unlawful.

Last year, in this Court, Scruggs pursued an action against his employer seeking redress for what he claimed was a sham arbitration award upholding his discharge: Scruggs v. Northeast Generation Services, Civil Action No. 3:03-cv-30028-MAP. Copies of the "Amended Complaint" and "Affidavit of Richard M. Scruggs In Opposition to Defendant's Motion To Dismiss Or For Summary Judgment" in that case are attached to this Brief as Exhibits 1 and 2 respectively. Scruggs was represented in his case against his employer by legal counsel.

In the instant case, Scruggs alleges in paragraphs 7 and 8 of his Complaint:

> 7. On or about April 12, 2002 the Plaintiff was terminated. The incident which caused the termination occurred on or about March 18, 2002.

> 8. The arbitration ordered under the collective bargaining agreement was held on August 27, 2002. The collective bargaining agreement does not allow for the arbitration to be held at that late date.

In his prior <u>Northeast Generation Services</u> suit, Scruggs attached to his Amended Complaint the Arbitration Opinion & Award of Arbitrator Susan R. Brown. The "Date of Award" is listed as December 20, 2002. The Amended Complaint in paragraph 10 states "That the Plaintiff received the arbitration award from the union on or about January 14, 2003, see Exhibit 'B', a photocopy of the envelope enclosing the arbitration award sent to the Plaintiff." Scruggs promptly filed his suit against his employer; it was removed to federal court on or about February 13, 2003.

All of the Union's actions that Scruggs complains of violated its legal duty of fair representation occurred during the processing of the grievance protesting his discharge; during the submission of, preparation for, or conduct of the arbitration case; or in the period immediately after the issuance of the Opinion & Award when the Union refused to seek to vacate it:

> -- "The Plaintiff was terminated without the proper use of the grievance procedures . . . " (Complaint, paragraph 5)

> -- "The arbitration ordered under the collective bargaining agreement was held on August 27, 2002. The collective bargaining agreement does not allow for the arbitration to be held at that late date." (Complaint, paragraph 8)

> -- "The arbitrator did not make a timely decision, and the union and the Defendant did not in a timely manner, turn the arbitration decision over to the Plaintiff." (Complaint, paragraph 9)

> -- "The Plaintiff as a union member never consented to the waiver of time limits under the bargaining agreement." (Complaint, paragraph 10)

3

Scruggs' claims have been filed long after the expiration of the six month limitations period.

Wherefore, Local 455 respectfully requests that the Court grant its Motion To Dismiss The Complaint.

September 1, 2004

Respectfully submitted,
Defendant Local 455, by its attorney,

*James O. Hall*

James O. Hall, Esquire
403 Highland Avenue
Somerville, Massachusetts 02144
617/625-0708
BBO #217560

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document on the Plaintiff Richard M. Scruggs (appearing pro se) by first class mail, postage prepaid at the address given on his Complaint and Summons: 123 Mayfair Avenue, Springfield, MA 01104.

September 1, 2004

*James O. Hall*

James O. Hall, Esquire

5

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD M. SCRUGGS, | ] | CIVIL ACTION NO.: 03-30028-MAP |
| Plaintiff, | ] | |
| vs. | ] | AMENDED COMPLAINT |
| NORTHEAST GENERATION SERVICES, INC., MT. TOM STATION, | ] | |
| Defendant. | ] | |

### INTRODUCTION

The Plaintiff was an employee of Northeast Generation Services, Inc., and a member of a union, I.B.E.W. Local 455 under a collective bargaining agreement arbitrated a claim by and between the Plaintiff and the Defendant. The Plaintiff alleges herein that the Court has jurisdiction to review the arbitrator's decision pursuant to Massachusetts General Laws Chapter 251, Section 12(a)(1) and 12(a)(3) that there was tampered evidence entered, that the evidence which was tampered with was fraudulently introduced, and wrongfully admitted by the arbitrator.

1. The Plaintiff is Richard M. Scruggs an individual who resides at 123 Mayfair Avenue, City of Springfield, County of Hampden, Commonwealth of Massachusetts. The Plaintiff Richard M. Scruggs is hereinafter referred to as the Plaintiff.

2. The Defendant is Northeast Generation Services, Inc., a corporation duly organized by law, having a principal place of business at 200 Northampton Street, City of Holyoke, County of Hampden, Commonwealth of Massachusetts. The Defendant Northeast Generation Services, Inc., is hereafter referred to as the Defendant.

3. On and before April 12, 2002 the Plaintiff was employed by the Defendant and/or its predecessor corporations, its parent corporations or otherwise.

4. That the Plaintiff was employed by the Defendant and its predecessor corporations for twenty-four (24) years.

Exhibit 1

5. That the Plaintiff was a store room manager and stock handler for the Defendant.

6. That there was a collective bargaining agreement by and between the union of which Plaintiff was a member, and the Defendant.

7. That pursuant to the union contract of collective bargaining with the Defendant, the Plaintiff submitted his claim to an arbitration forum.

8. That the arbitrator Susan R. Brown ruled against the Plaintiff, and upheld the discharge of the Plaintiff.

9. That the Plaintiff has been aggrieved by the decision of the arbitrator, which decision is attached hereto as Exhibit "A".

10. That the Plaintiff received the arbitration award from the union on or about January 14, 2003, see Exhibit "B", a photocopy of the envelope enclosing the arbitration award sent to the Plaintiff.

11. At the arbitration, the Plaintiff by counsel objected to the introduction of certain evidence which was hearsay, out of Court statements used to prove the truth of the matter asserted, allegedly showing the Plaintiff using a charge card belonging to the Defendant to place gasoline in his own motor vehicle.

12. That at the Department of Employment and Training hearing to determine whether or not the Plaintiff should receive unemployment benefits, the employer offered into evidence a certain videotape indicating that prior to the Plaintiff using the gasoline pump, that another employee of Defendant, who was Caucasian, used the gasoline pump as did the Plaintiff herein.

13. That the videotape entered into evidence before the arbitrator, which decision is complained of herein, was sanitized, tampered with and fraudulently changed and edited.

14. That the evidence was not competent, that no foundation was properly laid to introduce said evidence and said evidence violated the norms of the rules of evidence and as such are tainted evidence and should not have been considered by the arbitrator.

15. The union of which the Plaintiff was a member contracted to provide an attorney to the Plaintiff in his claim for wrongful termination against Defendant, and violated its contractual duty in providing said attorney by failing to represent the Plaintiff in a competent, ethical and diligent manner and furthermore had a conflict of interest throughout the dispute between Plaintiff and Defendant including prior to and during the arbitration process.

16. That throughout the process of termination of the Plaintiff including meetings prior to the disciplinary action by the Defendant. The Union failed to provide competent representation to the Plaintiff, and such failure in failing to provide competent representation and in failing to appeal the arbitrator's decision and over turn the same in a Court of competent jurisdiction is a fraud by the Union on the Plaintiff. The Union further has treated the claim of the Plaintiff herein substantially and greatly differently than it has treated the employment claims of other similarly situated employees of the Defendant who had been involved in greater wrong doing than the alleged wrong doing of the Plaintiff herein.

17. That the Union committed fraud in making a representation to Plaintiff that the Union represented him in an equal manner to other Union members and that the Union violated trust placed upon the representations it made to Plaintiff as a member of the Union.

18. The union violated the trust reposed in it by Plaintiff in representing him incompetently and fraudulently as to the procurement of the arbitration award by deliberately allowing Defendant to enter evidence which was tainted in order to further the interests of the union as to members other than Plaintiff.

WHEREFORE, the Plaintiff demands that this Court:

1. Vacate the award of the arbitrator; or
2. Vacate the award of the arbitrator and order that the Plaintiff should not have been discharged by the Defendant; or
3. Order that the award be vacated and that the claim be remanded to an arbitration forum for further hearings.

The Plaintiff,
Richard M. Scruggs,
By His Attorney,

Dated: 5/12/05

Steven R. Weiner, Esquire
BBO# 520090
930 Main Street
Springfield, MA 01103
(413) 781-1154

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD M. SCRUGGS, | CIVIL ACTION NO.: 03-30028-KPN |
| Plaintiff, | |
| vs. | |
| NORTHEAST GENERATION SERVICES COMPANY, | |
| Defendant. | |

## AFFIDAVIT OF RICHARD M. SCRUGGS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Now comes Richard M. Scruggs who under oath deposes and says as follows:

1. That I am the Plaintiff and Counterclaim Defendant in the within matter.

2. That I was hired by the Plaintiff and/or its predecessor in 1978.

3. Since 1978 I have been a full time employee of Holyoke Water Power Company, Mount Tom Station first as a yardman and later as an area stock handler.

4. I was a union member Local 455 of the IBEW and I paid union dues which included monies to pay for attorney's fees in addition to the other employee benefits.

5. I am aware that there was an investigation as to an allegation of credit card misuse.

6. I have seen videotapes of a certain gas pump(s). That one version of this video which I have in my possession shows both a white employee pumping gas as well as I, I am an African American, pumping gas at a gas station(s).

7. I have seen a copy of the same tape in which the white employee pumping gas was edited out of the tape.

8. I did not misuse the company credit card. The attorney that the union hired did not prevent the admission of this tainted evidence at the arbitration hearing. When I brought a claim for unemployment benefits my claim was allowed and the evidence was contested to a greater degree than at the arbitration hearing.

Steven R. Weiner, Esquire
Attorney at Law
Springfield, MA

Exhibit 2

9. I am aware of other employee's being treated in a far less punitive manner, for what I feel was more serious conduct than I had been wrongfully accused of, and those employees have not been terminated. The most disturbing fact is that I had been promised by the union that I would receive legal representation and representation in general in a fair manner, and that I would be treated equally with my co-employees

10. To my detriment, I received disproportionate discipline and unfair treatment at the hand of both the union in concert with my employer, my claim is that the union fraudulently agreed either tacitly or in another manner which was fraudulent with the employer to terminate me while they preserved other person's employment.

11. Other employees who were disproportionately treated and not terminated have been both African American and Caucasian.

Sworn to under the pains and penalties of perjury this ____ day of August 2003.

_____
Richard M. Scruggs

Steven R. Weiner, Esquire
Attorney at Law
Springfield, MA