UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION



RICHARD M. SCRUGGS

    Plaintiff

vs.                                  CIVIL ACTION NO.
                                      04-30150-MAP

LOCAL 455, INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO

    Defendant

PLAINTIFF'S BRIEF IN SUPPORT OF HIS
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Local 455, has forgotten that I am still an active member covered under the CBA and by law they must exhaust all areas set by the CBA.

    #12 Employment Coordinator West section 53:97
    Painters Dist. Council No. 2 v. Tiger Stripers, Inc., 582 F. Supp.
    860, 117 L.R.R.M. (BNA) 3021 (E.D. Mo 1984).

After filing a complaint with the Labor Board, which was dismissed, I discovered that the CBA had been breached.

    #12 Employment Coordinator West section 53:80
    1 Am Jur. 2d, Actions 58; 51. Am. Jur 2d, Lim Act 107.
    Proudfoot v. Seafarer's Intern. Union, 779 F. 2d 1558, 121 L.R.R.M.
    (BNA) 2392, 1986 A.M.C. 1816 (11th Cir. 1986).

    #12 Employment Coordinator West section 53:83
    1 Am. Jur. 2d, Actions 58; 51 Am. Jur. 2d, Lim Act 107.

In June 2004, I called Bill O'Rourke and left a message for him, requesting a copy of Local 455, Constitution, again I received no response.

On June 14, 2004, I sent a letter to Bill O'Rourke Local 455, James Frazier IBEW, John Murray Holyoke Water Power, Ducan Mackay Northeast Attorney, concerning the breach of the CBA regarding procedures and the time limits . The letter went as follows.

My termination was not governed by the grievance producers set by the CBA.

I was interrogated on 4-5-02, about alleged use of a gas card on the dates of 3-18-02 and 3-22-02. 1 was then told by John Murray that I was either suspend or terminated; they were still putting the evidence together and to return on 4-12-02, to go over the evidence and to informed me if I was suspend or terminated, My badge and keys were collected at that time.

Upon my return on 4-12-02, I was terminated by John Murray; no evidence was produced at this time. I was told once again they were still putting the evidence together.

Finally on or about 4-15-02, after several temps of trying to get the evidence, only the video tape was viewed, after viewing the video tape the union said they were going to arbitrate. <u>Article 37 Discharge of Employees, steps one-four</u> should of been the next procedure; then to move on to <u>Article 31 Grievance Procedure and Arbitration.</u>

    #12 Employment Coordinator West section 47:121

The CBA states that no matter shall be submitted to an impartial arbitrator after 65 days from the date of incident. <u>Article 31 grievance Procedure and Arbitration /fourth.</u>

    Incident date 3-18-02
    Arbitration date 8-27-02

The grievance was submitted 117 days after the incident date, 52 days past what the CBA allows.

Any changes in the CBA must be in writing 60 days prior.  <u>Article 41 Term of Agreement/2.</u>

Only a written waiver can change the CBA, not a verbal.  <u>Article 41 Term of Agreement/2.</u>

    #12 Employment Coordinator West section 47:121
    <u>Bumper Works, Inc. (1992, Arb) FMCS No. 92-09341.</u>


Due to this breach of the CBA the arbitrator discussion unlawful.

    #12 Employment Coordinator West section 53:219
    <u>Chief Freight Lines Co. v. Local Union No. 886, 514 F .2d 572, 89 L.R.R.M. (BNA) 2044, 76 Lab. Cas. (CCH) 10776 (10th Cir. 1975).</u>

    #12 Employment Coordinator West section 53:269
    <u>9 U.S.C.A. 10(a); Cannon v. Consolidated Freightways Corp., 524 F. 2d 290 L.R.R.M. (BNA) 2996, Lab. Cas. (CCH)11126 (7th Cir. 1975).</u>
    <u>Grisbaum v. Amalgamated Meat Cutters & Tannery Workers Union, Local No. 73, 696 F.2d 520, 112 L.R.R.M. (BNA) 2114, 96 Lab. Cas. (CCH) 13955 (7th Cir 1982).</u>

    #12 Employment Coordinator West section 53:275
    <u>9 U.S.C.A. 10(b).</u>

The only response I received was from James Frazier IBEW.  In his letter he stated that IBEW constitution did not give them any authority concerning the CBA.  That the CBA is between the Local Union and the employer.  A copy of this letter was forward to Billy O'Rourke.

Upon receiving this letter, I then faxed a copy to Clarence Kaye (Union Rep), who was on vacation at the time in July 2004, I then called Bill O'Rourke and left a message again no response.

It is wrongful that Local 455 seeks to have my complaint dismissed on the grounds that I have not brought my claim within the time limit allowed by

law; my arbitration was brought long after the 65 days allowed by CBA , but Local 455 is honoring the arbitrator discussion ; which legally incorrect.

I think that the union should not benefit by their conduct which violated the CBA.

    Wherefore, I Richard M. Scurggs respectfully requests that the Court grants my Motion Of Opposition To Defendant Motion To Dismiss The Complaint.

                              Respectfully submitted,
                              Pro See

September 15, 2004

                              Richard M. Scruggs
                              123 Mayfair Avenue
                              Springfield, MA  01104

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served a copy of the foregoing document on the Defendant Local 455, International Brotherhood Of Electrical Workers, AFL-CIO by first class mail, postage prepaid at the address given on their Motion To Dismiss: James O. Hall, Esquire, 403 Highland Avenue, Somerville, MA  02144

September 15, 2004                                             Richard M. Scruggs