UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD M. SCRUGGS,            )
              Plaintiff    )
                              )
                              )
        v.                  )   Civil Action No. 04-30150-MAP
                              )
                              )
LOCAL 455, INTERNATIONAL       )
BROTHERHOOD OF ELECTRICAL      )
WORKERS, AFL-CIO,              )
              Defendant    )


REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANT'S MOTION TO DISMISS (Document No. 3)
November 4, 2004

NEIMAN, U.S.M.J.

      Local 455, International Brotherhood of Electrical Workers, AFL-CIO ("the union" or "Defendant") has moved to dismiss Richard M. Scruggs ("Plaintiff")'s *pro se* complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant's motion to dismiss, which asserts that the action is barred by the applicable six month statute of limitations, has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the court will recommend that Defendant's motion be allowed.

      Plaintiff was terminated from his employment at Northeast Utilities on April 21, 2002. Pursuant to the applicable collective bargaining agreement, an arbitration was held on August 27 and October 11, 2002. Plaintiff received an unfavorable arbitration

decision on January 14, 2003, and soon thereafter filed suit against his employer in state court. However, since that matter arose under the Federal Arbitration Act, the employer removed the action to federal court. On September 24, 2003, District Judge Michael A. Ponsor granted the employer's motion to dismiss and for summary judgment. *See Scruggs v. Northeast Generation Services Co.*, Civil Action No. 03-30028-MAP (Document No. 30). Plaintiff was represented by private counsel in that case.

Nearly eleven months later, on August 13, 2004, Plaintiff filed the instant complaint in which only the union is named as a defendant. Since Plaintiff is a *pro se* litigant, his complaint is held to a less stringent standard than one prepared by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and has been read with an extra degree of solicitude. *See Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991). Liberally considering the complaint and its civil cover sheet, Plaintiff alleges only one cause of action targeting the union, namely, that it failed to fairly represent him in the 2002 arbitration proceedings in violation of federal law.[1]

Unfortunately for Plaintiff's cause, the court agrees with Defendant that the complaint is untimely. The Supreme Court has held that the statute of limitations for an employee to bring a federal action for a labor organization's violation of its duty of fair representation is six months. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-

---

[1] Although Plaintiff continues to challenge his termination -- and expresses dissatisfaction with the arbitrator as well -- neither the employer nor the arbitrator have been sued here. Instead, the complaint raises only a single fair representation claim targeting the union.

70 (1983). Here, any representation provided by the union concluded, at the latest, with the issuance of the arbitration award on January 14, 2003, if not before. Since Plaintiff has clearly not brought this action within the six month limitations period allowed by federal law, the court hereby recommends that Defendant's motion to dismiss be ALLOWED.[2]

DATED: November 4, 2004

                                      /s/ Kenneth P. Neiman
                                      KENNETH P. NEIMAN
                                      U.S. Magistrate Judge

---

[2] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. See Keating v. Secretary of Health & Human Services, 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980). See also Thomas v. Arn, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.