UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION



RICHARD M. SCRUGGS

      Plaintiff

vs.                                                                          CIVIL ACTION
                                                                             04-30150-MAP

LOCAL 455, INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO

PLAINTIFF'S BRIEF IN OBJECTION OF MAGISTRATE'S
REPORT RECOMMENDING OF DISMISSAL

I need to understand what actually constitute a six-month limitations period.

    A six-month limitation period equals 182.5 actually business days minus weekends and holidays; so this six-month period actually runs longer than six-months almost eight-months.

May we go back to the year 2003, to see how and when the accruing and tolling limitation periods actually started.

    #12 Employment Coordinator West  sections  53:80, 53:83, 53:87 53:92

On 1-14-2003, is when I received the arbitration decision award by mail.

From the initial date of incident 3-18-02, should of taken no longer than 95 business days from start to finish.  It took 64 extra business days to agree on an arbitrator; CBA requires if the Company and the Union cannot agree on the arbitrator after (5) working days, the American Arbitration Association or the Federal Mediation and Conciliation Service shall be requested to submit a panel of five (5) arbitrator

(1)

| | |
|---|---|
| Total business days | 204 |
| Extra days | 109 |
| CBA time limited | 95 |

March 18, 2002 to January 14, 2003, Article 31 Grievance Procedure and Arbitration

The Company and Union were the controlling mechanism in this matter.

I spoke to Bill O'Rouke about an appeal, if we had new evidence we could appeal. Bill spoke to Alvin Holder, Alvin informed him of the new codes and he had to call Neil Black when he used the card to get the new codes. I called Bill and he informed me that Susan Brown didn't need anymore evidence to made her decision. Bill replied "well folks, I've done all I could do. You need to get yourself a lawyer".

I proceeded to court with Northeast Utilities. Northeast had always contended that I had the wrong people in court and that my coming to court was premature due to the fact that I had not exhausted all my options with the union under the CBA; and that my problem was with Local 455 and not them.

In September, 2003, at a conference with Judge Ponsor, my Lawyer then Steven Weiner, Duncan R. MacKay Northeast Lawyer. Mr. MacKay stated that Steven Weiner was not part of the CBA and could not comment on it. Judge Ponsor agreed with this and dismissed the case and felt that my problem was with Local 455.

On or about 9-29-2003, I called the AFL-CIO to make a complaint against Local 455 and Bill O'Rourke. I was then directed to call Local 455 President and make a complaint with him.

While trying to peruse this matter, on or about 10-3-2003, I received a phone call from a very upset Bill screaming that I called the AFL-CIO on him making complaints about how I was misrepresented by him. I stated to him that the Judge and the Company sated that the problem was with the Union; And that Northeast contends that I have options under the CBA that I have not exhausted. Bill then made an appointment or about 10-5-2003, I could not keep this appointment due to my job. We played telephone tag for about a week and a half.

We then schedule another appointment for sometime in November 2003. Bill O'Rourke and I did not have a happy meeting, Bill stated "that they did everything they could for me under the CBA, and that there wasn't nothing else they could do." I told him the company says that I still have options under the CBA that I have not exhausted, and if the Union wanted they could rescind the discussion and send me back to work or, asked for a new arbitration Bill reply was he only has two years left and he wants them to be peacefully as possible ,but if I could prove that to him he could help me, I then stated to him that it was his responsibility to look unto this matter not mine. I then stood up and told him I'll be waiting to hear from him concerning this matter. To this date I am still waiting to hear from Bill.

The union should not be insulated from suit by a serious of misrepresentation and various violations of the bargaining agreement which are underhanded, unfair and should act to toll the statute of limitations.

    #12 Employment Coordinator West sections  53:83 53:84 53:87, 53:89 53:90, 53:92, 53:97 54:10

About three weeks past, and it is now December 2003, and I have not heard from Bill, I called and left a message no reply. I waited about another week it's now January 2004, I called again twice and left messages still no reply. I feel Bill believes that if he does nothing and let the statue of limitations run out everything will be fine.

On or about the beginning of February, 2004, I called IBEW on two occasion and left two messages for Ed Collins to call, he finally did and I told him what had been taking place, he stated that he's not with 455, but would leave a message with James Fraizer, he returned my call about a week later. Our conversation lasted about two hours, he stated what a big mess this was but would get back to me. Two weeks went by I called, and spoke to Paul Ward he was aware of what was going on and would look into the situation.

Paul Ward calls back the end of March or beginning of April 2004, and tells me the MCAD has dismissed the case, I stated what doses the have to do with me and the union, I am still a member he replies yes you're still a member and you are covered by the CBA but your termination was done by the CBA and that there was nothing else to do.

A week later I called back and request to do a written complaint. I started writing the complaint, but didn't feel it would go anywhere nothing else I tried hadn't.

In April 2004, I filed a complaint with the NLRB against Local 455. For failing and refusing to process an appeal to an arbitrator decision relating to my termination, back in November, 2003.

In preparing for NLRB meeting in May, I discovered a lot of discrepancies in how my termination was handled, procedures and time limits were not according to the CBA. During this meeting with the NLRB I had inquired about CBA and the procedures and time limits were not followed, Local 455 had already sent a copy of the CBA and the arbitrator's decision. Any changes had to be in writing (60) sixty days prior, they replied, "they can do it verbally as well." I stated it makes no sense to be able to change something verbally if CBA mandates for it to be in writing. What is the purpose if the procedures and time limits don't have to be followed according to CBA.

In May I called Bill O'Rourke and left a message requesting a copy of union constitution, again no reply.

I then went to the law library and look up labor law concerning CBA and found at the CBA had been breach from the beginning and numerous legal issue were at concern. One major concern is I was terminated without any evidence being properly placed before me. Ten (10) days after my termination the evidence was then viewed, the arbitrator was allowed to view the tape and printouts but they were not properly placed before me before. Article 31 Grievance Procedure and Arbitration

>    #12 Employment Coordinator West sections 53:80, 53:83, 53:87, 53:92, 53:97, 54:10

At this point I realized that my termination and arbitration were not lawful.

I sent a letter on June 14, 2004, letter and sent it to Local 455 Bill O'Rourke, John Murray Holyoke Water Power, James Frazier IBEW, Duncan MacKay Northeast Utilities. informing of this breach of the CBA, and if I did not hear from them within fourteen (14) working days, I would seek remedy of this breach of CBA through the court system.   (4)

The law requires that I exhausted every remedy afforded me by the CBA befor bring the Union in to court, if procedure is not followed the courts will dismissed the case.

The only reply I received was from Frank Carroll IBEW. In his letter he states the contractual grievances procedures separate from the appeals procedure under the IBEW Constitution, and all questions about the manner in which the grievance procedure is utilized must be resolved solely under the provisions of the collective bargaining agreement. In short, the IBEW Constitution does not provide a mechanism for appealing actions taken by a Local Union in handling grievances under a collective bargaining agreement. I would suggest that you purse whatever additional steps may be available to you under the contractual grievance procedure, a copy of this letter was forward to Bill O'Rourke, but again no reply from Local 455.

I also faxed a copy of this letter to Clarence Kaye (union rep) no response. I can not initiated the grievance procedures that is the controlling mechanism of the Union.

I didn't hear from Local 455, the next procedure was to file in court.

In August 2004 I filed a complaint for breach of the CBA. Local 455 refused to file a grievance on my behalf, and it was never sent to arbitration.

There are two (2) separate incidents, and both require the necessary steps that must be take by law with the union before filing in court. The paper work that Local 455 submitted to the court was for my termination and to vacated arbitrator discussion, which has nothing to do with the **BREACH OF THE COLLECTIVE BARGAINING AGREEMENT.** There has never been any action take on this breach of the CBA. Local 455 has done absolutely nothing to resolved the matter

Time started accruing on the complaint to vacated arbitrator discussion in May 2004 when I filed with the NLRB.

Time started accruing on the breach of the CBA in August 2004 when I filed my complaint in your court.

(5)

I still fell that Union should not benefit by their constant misrepresentation and breach of the CBA. Refusal to honor their obligation does not mitigate their responsibility. Local 455 was where my union dues were paid, they were the controlling mechanism to make sure I was fairly represented no one else.

Wherefore, I Richard M. Scruggs respectful requests that the Court Sustain My Objection Of The Court's Report Allowing The Dismissal Of My Complaint.

                                          Respectful submitted
                                          Pro See

November 17, 2004

                                          Richard M. Scruggs
                                          123 Mayfair Avenue
                                          Springfield, MA  01104

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document of the Defendant Local 455, International Brotherhood Of Electrical Workers, AFL-CIO by first class mail, postage prepaid at the address given on their Motion to Dismiss: James O. Hall Esquire, 403 Highland Avenue, Somerville, MA  02144

November 17, 2004                                                                                 Richard M. Scruggs

## TIME LINE

| | |
|---|---|
| September 24, 2003 | Judge Ponsor dismissed complaint, Union not Company have problem with |
| September 29, 2003 | Called AFL-CIO to file complaint against Local 455 and Bill O'Rourke |
| October 3, 2003 | Received call from Bill very upset schedule meeting (time suspended) |
| October - 2003 | Reschedule meeting, work would not allow me to keep appointment, played phone tag for about a week and a half, rescheduled for November |
| November 2003 | Had meeting, nothing resolved, told Bill wait to hear from him. |
| December - 2003 | Called left two messages no response |
| January - 2004 | Called left two more messages no response |
| February - 2004 | Called IBEW left two message for Ed Collins |
| February - 2004 | Ed return my call no longer with 455 will have James Fraizer to call |
| February - 2004 | About a week later James calls repeat same story, he replies one big mess will look into |
| March - 2004 | About tow weeks pass, called spoke to Paul Ward will look into- |
| March - 2004 | Paul calls back MCAD dismissed case I replied what does that have to do with the Union and me, I'm still a member, Paul replied yes you are still a member and still covered by the CBA, but |

| | |
|---|---|
| | your termination was done by the CBA and there's nothing else. |
| April 16, 2004 | Filed complaint with NLRB for failing and refusing to appeal arbitrator decision in November 2003 (time starts again) |
| May - 2004 | Had meeting with NLRB addressed procedures and time limits and submitting of evidence the case was dismissed |
| May - 2004 | Called Bill requesting copy of constitution no reply |
| May - 2004 | Did research on collective barging agreement found out procedures and time limits and submitting of evidence had been breach |
| June 14, 2004 | Sent Breach of Collective Barging Agreement letter |
| July 15, 2004 | Received letter from IBEW James Carroll, that the CBA is between the Union and Company, and they should look into the grievance procedure copy sent to Bill no reply. |
| July - 2004 | Called Bill again concerning this letter too no response |
| July - 2004 | Faxed copy of letter to Clarence union rep on vacation |
| August 13, 2004 | Filed Breach of Collective Bargaining Agreement- |