UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION



RICHARD M. SCRUGGS

    Plaintiff

vs.      CIVIL ACTION NO.
    04-30150-MAP

LOCAL 455, INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKER, AFL-CIO

    Defendant

NOTICE OF APPEAL, NOW COMES THE PLAINTIFF AND
APPEALS THE COURT'S ALLOWANCE OF THE MOTION
TO DISMISS, TO THE CIRCUIT COURT OF APPEALS,
FIRST CIRCUIT.

My accompanying brief will explain my reasons.

The Plaintiff,      Pro See

    /s/ Richard M Scruggs

January 31, 2005      Richard M. Scruggs
    123 Mayfair Avenue
    Springfield, MA 01104

## CERTIFICATE OF SERVICE

  I hereby certify that I have this day served a copy of the foregoing document on the Defendant Local 455, International Brotherhood of Electrical Workers, AFL-CIO by first class mail, postage prepaid at the address given on their Motion To Dismiss: James O. Hall Esquire, 403 Highland Avenue, Somerville, MA 02144.

January 31, 2005      Richard M. Scruggs

UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

RICHARD M. SCRUGGS

    Plaintiff

vs.                              CIVIL ACTION
                                04-30150-MAP

LOCAL 455, INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO


PLAINTIFF'S BRIEF FOR HIS NOTICE OF APPEAL, NOW COMES THE PLAINTIFF AND APPEALS THE COURT'S ALLOWANCE OF THE MOTION TO DISMISS, TO THE CIRCUIT COURT OF APPEALS, FIRST CIRCUIT.


1. My termination was unlawful (illegal) which is not enforceable by law, if something is lawless it's not legally binding; the law does not allow anyone to gain from unlawfulness, the gain being my job; because of the unlawfulness of my termination it's held in timelessness.

2. I do not belive the six-month (182.5 business days) or the accrual and tolling rules were applied correctly. From 2-3-03 the initial filing date I have been in court, or in contact with my union. All of my actions are a continuum of the original six-month (182.5 business days). I asked the Court to find an exact month, date, and year when time was barred from filing.

I proceeded to court with Northeast Utilities. Northeast had always contended that I had the wrong people in court and that my coming to court was premature due to the fact that I had not exhausted all my options with

1

the union under the CBA; and that my problem was with Local 455 and not them.

I was interrogated on 4-5-02, about alleged use of a gas card on the dates of 3-18-02 and 3-22-02. 1 was then told by John Murray that I was either suspend or terminated; they were still putting the evidence together and to return on 4-12-02, to go over the evidence and to informed me if I was suspend or terminated, my badge and keys were collected at that time.

Upon my return on 4-12-02, I was terminated by John Murray; no evidence was produced at this time. I was told once again they were still putting the evidence together.

The impartial arbitrator shall render a decision on any difference, dispute, or grievance on the basis of the evidence, the data, and the facts properly placed before the employee regarding such difference, dispute or grievance. Article 31 Grievance Procedure and Arbitration. Arbitrator should not of viewed any of the evidence. It was not properly place before me.

Evidence was clearly produce after my termination for viewing by local and myself.

Finally on about 4-15-02, after several temps of trying to get the evidence, only the video tape was viewed, after viewing the video tape the union said they were going to arbitrate. From the initial date of incident 3-18-02, should of taken no longer than 95 business days from start to finish. It took 64 extra business days to agree on an arbitrator; CBA requires if the Company and the Union cannot agree on the arbitrator after (5) working days, the American Arbitration Association or the Federal Mediation and Conciliation Service shall be requested to submit a panel of five (5) arbitrator

| | |
|---|---|
| Total business days | 204 |
| Extra days | 109 |
| CBA time limited | 95 |

Article 37 Discharge of Employees, steps one - four should of been the next procedure; then to move on to Article 31 Grievance Procedure and Arbitration.

2

    #12 Employment Coordinator West section 47:121

The CBA states that no matter shall be submitted to an impartial arbitrator after 65 days from the date of incident. Article 31 grievance Procedure and Arbitration /fourth.

    Incident date 3-18-02
    Arbitration date 8-27-02

The grievance was submitted 117 days after the incident date, 52 days past which the CBA allows.

Any changes in the CBA must be in writing 60 days prior. Article 41 Term of Agreement/2.

Only a written waiver can change the CBA, not a verbal. Article 41 Term of Agreement/2.

    #12 Employment Coordinator West section 47:121
    Bumper Works, Inc. (1992, Arb) FMCS No. 92-09341.

Due to this breach of the CBA the arbitrator discussion is unlawful; and not legally binding.

    #12 Employment Coordinator West section 53:219
    Chief Freight Lines Co. v. Local Union No. 886, 514 F .2d 572, 89 L.R.R.M. (BNA) 2044, 76 Lab. Cas. (CCH) 10776 (10th Cir. 1975).

    #12 Employment Coordinator West section 53:269
    9 U.S.C.A. 10(a); Cannon v. Consolidated Freightways Corp., 524 F. 2d 290 L.R.R.M. (BNA) 2996, Lab. Cas. (CCH)11126 (7th Cir. 1975).
    Grisbaum v. Amalgamated Meat Cutters & Tannery Workers Union, Local No. 73, 696 F.2d 520, 112 L.R.R.M. (BNA) 2114, 96 Lab. Cas. (CCH) 13955 (7th Cir 1982).

3

#12 Employment Coordinator West section 53:275
9 U.S.C.A. 10(b).

Northeast Utilities, Local 455 and Attorney Hall were the controlling mechanism in this matter. Local 455 and Attorney Hall supported an unlawful termination and arbitration; which had no procedural fairness, or good faith.

If, Attorney Hall had been this competent in handling my case I would not be here!

My initial filing date was 2-3-03 which tolled the six month necessary to file. I received the arbitrator discussion on 1-14-03 only fourteen days (14) had accrued this point

I proceeded to court with Northeast Utilities. Northeast always contended that I had the wrong people in court and that my coming to court was premature due to the fact that I had not exhausted all my options with the union under the CBA; and that my problem was with Local 455 and not them. Judge Ponsor on two different occasion had the opportunity to dismiss, but denied both dismissals; he felt that we had the right people in court.

In September, 2003, several months later, at a conference with Judge Ponsor, my lawyer then Steven Weiner, Duncan R. MacKay ,Northeast lawyer; Mr. MacKay stated that Steven Weiner was not part of the CBA and could not comment on it. Judge Ponsor agreed with Northeast and dismissed the case and felt that my problem was with Local 455

No harm, still under the original six month period. On 9-25-03 time starts accruing again.

On or about 9-29-2003, I called the AFL-CIO to make a complaint against Local 455 and Bill O'Rourke. I was then directed to call Local 455 President and make a complaint with him.

While perusing this matter, on or about 10-3-2003, I received a phone call from a very upset Bill screaming "I called the AFL-CIO on him making complaints about how I was misrepresented by him". I stated to him that

4

the Judge and the Company stated that the problem was with the union; and that Northeast contends that I have options under the CBA that I have not exhausted. Bill then made an appointment on or about 10-5-2003, I could not keep this appointment due to my job. We played telephone tag for about a week and a half, and then scheduled another appointment for sometime in November 2003.

Time tolled again, only nine (9) more days had accrued at this point. Northeast and Judge Posnor agreed the union was the way to go, I still had options under the CBA that I had not exhausted. Bill O'Rourke open the lines of communication and setup a meeting to discuss the matter.

O'Rourke and I did not have a happy meeting, Bill stated " they did everything they could for me under the CBA, and that there wasn't nothing more they could do." I told him the company stated that I still have options under the CBA that I have not exhausted, and if the union wanted they could rescind the discussion and send me back to work or, asked for a new arbitration Bill replied "He only has two years left and he wants them to be peacefully as possible, but if I could prove that to him he could help me." (verbal agreement), I then stated to him that it was his responsibility to look into this matter not mine. I then stood up and told him I'll be waiting to hear from him concerning this matter.

    #12 Employment Coordinator West sections  53:83 53:84 53:87, 53:90, 53:92, 53:97 54:10

About three weeks past, it is now December 2003, and I have not heard from Bill, I called and left a message, no reply. I waited about another week, it's now January 2004, I called again twice and left messages, still no reply. I realized Bill is holding me to the verbal agreement that he made. I would have to prove what options exist for me under the CBA.

Time is still tolled, only 25 days have accrued since initial filing.

On or about the beginning of February, 2004, I called IBEW on two occasion and left two messages for Ed Collins to call, he finally called and I told him what had been taking place, he stated that he's not with 455, but would leave a message with James Fraizer, he returned my call about a week later. Our conversation lasted about two hours, he stated what a big

5

mess this was but would get back to me. Two weeks went by I called, and spoke to Paul Ward he was aware of what was going on and would look into the situation.

Paul Ward call back at the end of March or the beginning of April 2004, and told me the MCAD had dismissed the case. I stated what does the have to do with me and the union, I am still a member, he replied "yes you're still a member and you are covered by the CBA but your termination was done by the CBA and there was nothing else to do."

A week later I called back and request a written complaint. I started writing the complaint, but didn't feel it would go anywhere because nothing else I tried had.

In April 2004, I filed a complaint with the NLRB against Local 455. For failing and refusing to process an appeal to an arbitrator decision relating to my termination, in November, 2003.

In preparing for NLRB meeting in May 2004, I discovered a lot of discrepancies in the handling of my termination, procedures and time limits were not properly applied according to the CBA. During this meeting with the NLRB I had inquired how the CBA procedures and time limits were not followed, Local 455 had already sent a copy of the CBA and the arbitrator's decision. Any changes had to be in writing (60) sixty days prior, they replied, "they can do it verbally as well." I stated "it makes no sense to be able to change something verbally if the CBA mandates for it to be in writing ." What's the purpose of the contract if the procedures and time limits don't have to be followed according to CBA.

In May I called Bill O'Rourke and left a message requesting a copy of union constitution, again no reply.

I then went to the law library and look up labor law concerning CBA and found the CBA had been breach from the beginning and numerous legal issue were at concern. One major concern is I was terminated without any evidence being properly placed before me. Ten (10) days after my termination the evidence was then viewed, the arbitrator was allowed to view the tape and printouts, but they were not properly placed before me before . Article 31 Grievance Procedure and Arbitration

#12 Employment Coordinator West sections 53:80, 53:83, 53:87, 53:92, 53:97, 53:254, 54:2, 54:4, 54:10

At this point I realized that my termination and arbitration were not legally binding.

I sent a letter on June 14, 2004, to Local 455, Bill O'Rourke, John Murray Holyoke Water Power, James Frazier IBEW, Duncan MacKay, Northeast Utilities;. informing them of the breach of the CBA. I stated if I did not hear from them within fourteen (14) working days, I would seek remedy of this breach of CBA through the court system the law requires that I exhausted every remedy afforded me by the CBA befor bring the Union in to court, if procedure is not followed the courts will dismissed the case.

The only reply I received was in July 2004, from Frank Carroll IBEW. In his letter he states "the contractual grievances procedures separate from the appeals procedure under the IBEW Constitution, and all questions about the manner in which the grievance procedure is utilized must be resolved solely under the provisions of the collective bargaining agreement." In short, the IBEW Constitution does not provide a mechanism for appealing actions taken by a Local Union in handling grievances under a collective bargaining agreement. I would suggest that you purse whatever additional steps may be available to you under the contractual grievance procedure, a copy of this letter was forward to Bill O'Rourke, but again no reply from Local 455.

I also faxed a copy of this letter to Clarence Kaye (union rep) no response. I can not initiated the grievance procedures that is the controlling mechanism of the Union.

I didn't hear from Local 455, I then filed in court.

In August 2004 I filed a complaint for breach of the CBA. Local 455 refused to file a grievance on my behalf, and Bill O'Rourke wasn't going to honor his verbal agreement with me.

Time started accruing in January 14, 2003 when I received the arbitrator decision.

7

Time was tolled with the initial filing date of February 3, 2003 when I originally filed my complaint. I would like the court to give the exact month, date, and year when the time had expired from filing a complaint, by the actions of the Court, Local 455, IBEW.

I still fell that Union should not benefit by their constant misrepresentation and breach of the CBA. Refusal to honor their obligation does not mitigate their responsibility. Local 455 and Attorney Hall were the controlling mechanism to make sure I was fairly represented no one else.

Wherefore, I Richard M. Scruggs respectful requests that the Court Grants The Plaintiff's Motion Of Appeal Of The Court's Allowance Of The Motion To Dismiss .

January 31, 2005

Respectful submitted
Pro See

Richard M. Scruggs
123 Mayfair Avenue
Springfield, MA 01104


CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document of the Defendant Local 455, International Brotherhood Of Electrical Workers, AFL-CIO by first class mail, postage prepaid at the address given on their Motion to Dismiss: James O. Hall Esquire, 403 Highland Avenue, Somerville, MA 02144

January 31, 2005                                  Richard M. Scruggs

8